IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRIS EVANS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>A PLUS TREE, LLC and DANI GREENLAND,<br><br>　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT<br><br><br>Case No. 2:24-cv-00459-AMA-JCB<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Jared C. Bennett |

This matter is before the Court on Plaintiff's Motion for Leave to File Third Amended Complaint.[1] For the reasons discussed below, the Court will grant the Motion.

## I.  BACKGROUND[2]

In June 2022, Plaintiff Chris Evans began working as a collections manager for Defendant A Plus Tree ("APT") on an annual salary of $63,000. Ms. Evans worked overtime for many weeks but did not receive overtime pay. When Ms. Evans confronted APT about the pay discrepancies, APT offered Ms. Evans a bonus on her collections to settle her claims, which she declined. Ms. Evans's initial employment period with APT ended in May 2023. She later signed a separation agreement.

---

[1] ECF No. 36, filed August 16, 2025.
[2] The allegations contained in this section are taken from Ms. Evans's proposed Third Amended Complaint ("TAC"), as informed by the Notice of Errata on TAC, and are provided for the sole purpose of contextualizing the issues currently before the Court. ECF No. 36, Ex. 1; ECF No. 37. The Court makes no comment on or assumptions about the veracity of the allegations.

APT contacted Ms. Evans in November 2023 and asked if she would be interested in returning to her old position. Ms. Evans was then hired as an independent contractor at a rate of $30 per hour. Despite this label, Ms. Evans's working conditions and duties were the same as they were in her previous position. Ms. Evans also continued working overtime as she had before, and in November 2023, Ms. Evans demanded overtime pay from APT. APT, however, told her that she was not entitled overtime pay as she was an independent contractor. Ms. Evans repeated this complaint several times to several individuals in management to no avail. Ms. Evans was then terminated on May 6, 2024.

Additionally, prior to Ms. Evans's termination, in early 2024, Defendant Dani Greenland, a coworker who Ms. Evans had trained in the past, forcefully poked Ms. Evans multiple times in the chest before punching her. A payroll manager encountered the situation and stopped Ms. Greenland. Ms. Evans reported the incident to company management.

Ms. Evans initiated the instant action on June 25, 2024.[3] Ms. Evans then amended her Complaint twice.[4] On December 2, 2024, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint.[5] The Court granted the Motion and dismissed Ms. Evans's Second Amended Complaint ("SAC") without prejudice.[6] In the order of dismissal, the Court found that Ms. Evans failed to state claims for relief under the Fair Labor Standard Act ("FLSA") for several reasons. First, the inconsistent nature of the allegations concerning her job duties made it impossible for the Court to draw reasonable inferences in Ms. Evans's favor that she was a non-

---

[3] ECF No. 1.
[4] ECF No. 21; ECF No. 25.
[5] ECF No. 28.
[6] ECF No. 35.

exempt employee, as she must be in order to claim overtime and unpaid wages under the FLSA. Second, as Ms. Evans thus failed to state a claim for an FLSA violation, she could not state a prima facie claim for retaliation under the FLSA. Subsequently, because the FLSA claims had to be dismissed, the Court declined to exercise supplemental jurisdiction over Ms. Evans's state law claims.

In dismissing the SAC without prejudice, the Court also instructed Ms. Evans to file a motion to amend within 21 days of the order if she so chose.[7] Ms. Evans filed the instant Motion on August 17, 2025.[8] The request for leave to amend addresses certain of the issues raised in the Court's order of dismissal. Ms. Evans's proposed Third Amended Complaint ("TAC") includes claims for (1) FLSA Unpaid Overtime (Employment Period), (2) FLSA Unpaid Overtime and Minimum Wage Violations (Independent Contractor Period), (3) Utah Payment of Wages Act ("UPWA")/FLSA Retaliation, (4) Battery, and (5) Intentional Infliction of Emotional Distress. Ms. Evans names two defendants, A Plus Tree LLC and Dani Greenland ("Defendants"). The proposed amendment adds allegations regarding Ms. Evans's employment status under the FLSA and the timing relevant to her retaliation claim. Additionally, Ms. Evans seeks to clarify the allegations of her intentional tort claims. Defendants do not oppose Ms. Evans's Motion for Leave to File Third Amended Complaint.[9]

---

[7] ECF No. 35.
[8] ECF No. 36.
[9] ECF No. 41.

## II.  DISCUSSION

Unless able to amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[10] "The court should freely give leave when justice so requires."[11] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[12]

### A.  UNDUE DELAY

Undue delay is a potential reason to not permit amendment. However, "[l]ateness does not of itself justify the denial of the amendment."[13] But "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time."[14] The Tenth Circuit "focuses primarily on the reasons for the delay."[15] Denial may be appropriate "when the party filing the motion has no adequate explanation for the delay."[16] Further, "[t]he longer the delay, 'the more likely the

---

[10] Fed. R. Civ. P. 15(a)(2).
[11] *Id.*
[12] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[13] *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975).
[14] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (internal quotation marks and citation omitted).
[15] *Id.* at 1206.
[16] *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993).

motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"[17]

Here, the Court, in dismissing Ms. Evans's SAC without prejudice, gave Ms. Evans leave to file a motion to amend within 21 days of that order.[18] Ms. Evans promptly filed the instant Motion the next day. Thus, the Court cannot conclude that Ms. Evans's request for leave to amend is untimely.

B.    FUTILITY

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[19] As described in the Court's prior order, Ms. Evans's SAC contained conflicting allegations relevant to the third prong of the administrative employee exemption, which provides that an employee is exempt if her "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance."[20] Ms. Evans claimed that her first employment period was non-exempt work and that during her second employment period, "all the work she was doing was non-exempt type work (helping with payroll, paying accounts, collecting on debts and ordering office supplies)."[21] But then Ms. Evans also alleged that she "collected literally millions of dollars for the Employer;"[22] that she "[c]ollect[ed] money [which was] part of the lifeblood of the Employer's business;"[23] that she paid rent "for the Employer

---

[17] *Minter*, 451 F.3d at 1205 (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).
[18] ECF No. 35, filed August 15, 2025.
[19] *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv'rs Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).
[20] 29 C.F.R. § 541.200; *see* ECF No. 35.
[21] ECF No. 25 ¶¶ 4, 13.
[22] *Id.* ¶ 14(a)(iii).
[23] *Id.* ¶ 14(f)(i).

[which] kept [the] Employer in business;"[24] and that she "attend[ed] daily meetings regarding forecasting (for example, how to collect 4 million dollars in 15 days)."[25] Due to these discrepancies, the Court could not draw reasonable inferences in Ms. Evans's favor, and the Court therefore held that Ms. Evans failed to state a claim for violation of the FLSA.

Ms. Evans has taken steps to cure this deficiency in her proposed TAC. Regarding the first employment period, Ms. Evans alleges that she did not manage other staff or departments; rather, her primary responsibilities consisted of performing hands-on collection work such as collections functions, payroll processing, paying accounts, and ordering office supplies.[26] In performing these duties, she alleges that she "followed strict prewritten/determined collection scripts; deviations required supervisor approval . . .; had no authority to negotiate policy, repayment terms, adjustments to (disputed) invoices, to committing company funds."[27] She had to clean the break room on a rotating schedule, ensure office supplies were stocked, pick up company mail, and pick up treats for office staff.[28] While she alleges that she trained other employees and was at times responsible for paying rent, responding to utility shutoff notices, paying wage and hour settlements, and interacting with vendors and creditors, she further alleges that these tasks were ministerial, closely scripted, and at the direction of management.[29] In the absence of any present argument from Defendants to the contrary, the Court cannot conclude that

---

[24] *Id*. ¶ 14(f)(ii).
[25] *Id*. ¶ 14(a)(iv).
[26] ECF No. 36, Ex. 1 ¶¶ 20, 31.
[27] *Id*. ¶ 22.
[28] *Id*. ¶¶ 23–25.
[29] *Id*. ¶¶ 23–25.

these amendments are necessarily futile—the allegations may show that Ms. Evans was a non-exempt employee during her first period of employment.

Regarding Ms. Evans's second employment period, Ms. Evans alleges that "her working conditions remained unchanged: she attended mandatory daily staff meetings . . . and was expected to follow company directives with minimal autonomy."[30] She alleges that her employer set her daily schedule and targets and that she was required to give her supervisors daily progress reports.[31] In making calls, she claims that she was made to follow pre-approved scripts verbatim and that any deviation, including adjustments to payment schedules, required prior supervisory approval.[32] She lacked authority to "set credit terms, adjust interest rates, waive fees, commit company funds, or change collection policies[,]" and "[a]ll financial decisions above routine data entry and payment posting were made by management."[33] For purposes of the instant analysis, it does not appear that these amendments are necessarily futile, as it seems possible to draw an inference from the allegations that Ms. Evans was a non-exempt employee who did not exercise discretion with respect to matters of significance during the second employment period.

Therefore, the Court cannot conclude at this time that the amendments regarding the claims for violations of the FLSA are futile. As for any amendment regarding Ms. Evans's FLSA retaliation and state law claims, the Court, in its prior order, held that Ms. Evans's failure to state her claims for violations of the FLSA was fatal to the remaining claims in her SAC because an FLSA retaliation claim requires a plaintiff to show she engaged in activity protected by the

---

[30] ECF No. 36, Ex. 1 ¶ 52.
[31] *Id*. ¶¶ 54–55.
[32] *Id*. ¶¶ 94.
[33] *Id*. ¶¶ 96–97.

FLSA and because with the dismissal of the federal law claims, the Court declined to exercise supplemental jurisdiction over the state law claims.[34] Because the amendments plausibly allege that Ms. Evans was a non-exempt employee and could thus engage in activity protected by the FLSA, the Court will decline to determine whether any amendments regarding Ms. Evans's FLSA retaliation claim are futile at this time.[35] The Court will also decline to determine whether Ms. Evans's amendments are futile with respect to her state law claims, as it did not conduct an in-depth analysis on these claims in its prior order. Defendants have not provided argument concerning the futility of these amendments, and these issues are better addressed with the benefit of full briefing.

In sum, while not commenting on the merits of Ms. Evans's claims, the Court cannot conclude that her proposed amendments are futile. Defendants remain free to file a motion to dismiss the TAC, if appropriate.

C.  PREJUDICE

The most important "factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[36] "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[37]

---

[34] *See* ECF No. 35.
[35] *Complete Merch. Sols., LLC v. FTC*, No. 2:19-cv-00963, 2020 WL 4192294, at *3 (D. Utah July 21, 2020) ("It is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions.").
[36] *Minter*, 451 F.3d at 1207.
[37] *Id.* at 1208 (internal quotation marks and citation omitted).

Significantly, Defendants do not oppose the instant Motion, and any prejudice to them is not readily apparent. The proposed amendments do not present claims that arise out of different subject matter from the SAC or raise significant new factual issues. Instead, Ms. Evans's proposed amendments provide additional factual support for Ms. Evans's contention that she was a non-exempt employee. The amendments also provide a clearer organization for Ms. Evans's causes of action such that they are easier to interpret. Moreover, this case is in its infancy. A scheduling order has not yet been entered, and thus this amendment would have no impact on any discovery deadlines. Defendants remain free to file a responsive pleading of their choosing, including a motion to dismiss, to the TAC. As such, the Court cannot find undue prejudice.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Leave to File Third Amended Complaint (Docket No. 36) is GRANTED.

DATED this 9th day of October, 2025.

ANN MARIE MCIFF ALLEN
United States District Judge